IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| BENNY FULKS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 4:23-CV-00196-WMR |
| v. | ) | |
| | ) | |
| JEREMY G. BALMONTE and | ) | |
| HIRSCHBACH MOTOR LINES, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **PROPOSED CONSOLIDATED PRETRIAL ORDER**

(1)     There are no motions or other matters pending for consideration by the court except as noted.

**Plaintiff:**  Plaintiff will file motions *in limine* before trial.

**Defendants:**  Defendants will file motions *in limine* before trial.

(2)     All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery.  (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**Fact discovery is complete.  The parties may take discovery and evidentiary depositions of testifying experts.**

(3)     Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

**The names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete and there is no question as to the misjoinder or non-joinder of any parties.**

(4)    Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections.

**28 U.S.C. § 1332.**

(5)    The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**     Steven M. Fair
Morgan and Morgan
191 Peachtree Street
Suite 4200
Atlanta, GA 30303
(404) 965-1928
sfair@forthepeople.com

**Defendants:**     Matthew P. Stone
Stone Kalfus LLP
One Midtown Plaza
1360 Peachtree Street NE, Suite 1250
Atlanta, GA 30309
404-736-2600 (telephone)
877-736-2601 (facsimile)
matt.stone@stonekalfus.com

(6)    Normally, the plaintiff is entitled to open and close arguments to the jury.  (Refer to LR 39.3(B)(2)(b)).  State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

**None.**

(7)    The captioned case shall be tried (**X**) to a jury or (_____) to the court without a jury, or (_____) the right to trial by jury is disputed.

(8)    State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages.  State briefly the reasons why trial should or should not be bifurcated.

**The parties do not request bifurcation.**

(9)    Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the Court propound to the jurors concerning their legal qualifications to serve.

(10)   Attached hereto as Attachment "B-1" are the general questions which Plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which Defendant wishes to be propounded to the jurors on voir dire examination.

The Court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

(11)   State any objections to plaintiff's voir dire questions.

Defendants object to plaintiff's proposed voir dire question no. 1 on the grounds it is misleading and contains an improper reference to insurance. Fed R. Evid. 403, 411.

Defendants object to plaintiffs' proposed question no. 21 on the grounds it is vague, misleading, and likely to cause confusion because the applicable burden of proof is the preponderance of evidence.

State any objections to defendant's voir dire questions.

**None.**

(12)    All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes.  Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870.  See Fed. R. Civ. P. 47(b).

**None.**

(13)    State whether there is any pending related litigation.  Describe briefly, including style and civil action number.

**There is no pending related litigation.**

(14)    Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

*See* **Attachment C.**

(15)    Attached hereto as Attachment "D" is defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that

particular item of damage. Items of damage not identified in this manner shall not be recoverable.

*See* **Attachment D.**

(16)   Attached hereto as "Attachment E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

*See* **Attachment E.**

(17)   The legal issues to be tried are as follows:

**Causation and damages.**

(18)   Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3," etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witnesses who might express opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.  Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses who use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

*See* **Attachments F-1 and F-2.**

(19)   Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G-3," etc. for all other parties are the typed lists of all documentary

and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

**Attachment G-1 is a list of Plaintiff's proposed exhibits.**

(20)   The following designated portions of the testimony of the persons listed below may be introduced by deposition:

1

**Plaintiff:**

**Plaintiff reserves the right to use all depositions taken in this case, including the depositions of the parties and medical providers, for all purposes allowed by the Federal Rules of Civil Procedure and Evidence Code, including use at trial.**

**Defendants:**

**Defendants may introduce deposition testimony of any witness appearing on either party's list who is unavailable for trial, who is outside the Court's subpoena power, or whose testimony may be necessary for impeachment, rebuttal, or other use authorized under the Federal Rules of Evidence. Defendants need not designate testimony to be used solely for impeachment in advance of trial. To the extent the Court permits plaintiff to offer only part of a deposition in evidence, defendants shall be allowed to require plaintiff to introduce other parts of the deposition which ought to be considered in fairness, and to allow defendants to introduce any other parts of the deposition, pursuant to Fed. R. Civ. P. 32(a)(6). Defendants shall be allowed to object to the admissibility of those portions of depositions plaintiff may seek to introduce at trial pursuant to Fed. R. Civ. P. 32(b).**

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed

waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

(21)   Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3," etc. for other parties are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of this case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

(22)   In the event this is a case designated for trial to the court with a jury, requests to charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1 will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

(23)   If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order.  If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

*See* **Attachments I-1, I-2, and I-3.**

(24)   Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

- 8 -

(25)   If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

(26)   Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties having discussed in good faith the possibility of settlement of this case.  The court (_) has or ( X ) has not discussed settlement of this case with counsel. It appears at this time that there is:

(_____) A good possibility of settlement.

(_____) Some possibility of settlement.

( X ) Little possibility of settlement.

(_____) No possibility of settlement.

(27)   Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

(28)   The Plaintiff estimates that he will require 2 days to present their evidence.

The Defendants estimate that it will require 1 day to present its evidence.  It is estimated that the total trial time is 2-3 days.

(29)   IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case ( X ) submitted by stipulation of the parties or (____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice.  Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____, 2025.


_____
Honorable William M. Ray II
Judge, United States District Court
Northern District of Georgia

Each of the undersigned counsel for the parties hereby consents to entry of the

foregoing pretrial order, which has been prepared in accordance with the form pretrial

order adopted by this Court.


*/s/ Matthew P. Stone*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Aleksandra Mitchell
Georgia Bar No. 136019
STONE KALFUS LLP
1360 Peachtree St. NE
Suite 1250
Atlanta, Georgia 30309
(404) 736-2600 Phone
(877) 736-2601 Fax
matt.stone@stonekalfus.com
shawn.kalfus@stonekalfus.com
alex.mitchell@stonekalfus.com
Attorneys for Defendants


*/s/ Steven Fair*
Steven Fair
Georgia Bar No. 259488

- 11 -

Morgan and Morgan Atlanta, PLLC
191 Peachtree Street NE, Suite 4200
Atlanta, GA 30303
Phone: (404) 965-1928
Attorney for Plaintiff

**ATTACHMENT A**

**LIST OF QUESTIONS**
**CONCERNING JURORS' LEGAL QUALIFICATIONS**

**Plaintiff's Proposed Questions Concerning Jurors' Legal Qualifications to Serve**

1.  Is anyone related by blood or marriage to any of the parties in this case: Benny Fulks; Jeremy G. Balmonte; or the owners, officers, or employees of Hirschbach Motor Lines, Inc.?

2.  Is anyone related by blood or marriage to any of the attorneys in this case: Steven Fair, Matthew P. Stone, Shawn N. Kalfus, or Aleksandra Mitchell?

3.  Is anyone related by blood or marriage to anyone who works for the attorneys' law firms: Morgan & Morgan PLLC or Stone Kalfus LLP?

4.  Have you, a family member, or a close friend been represented by any of the attorneys or their law firms?

5.  Does anyone here feel like they may know another potential juror in this room?

6.  Is anyone an employee, shareholder or policyholder of National Union Fire Insurance Company of Pittsburgh, PA, Overdrive Risk Retention

Group LLC, Interstate Fire and Casualty Company, AIU Insurance Company, New Hampshire Insurance Company or Evanston Insurance Company?

**Defendants' Proposed Questions Concerning Jurors' Legal Qualifications to Serve**

1. Is anyone related by blood or marriage to any of the parties in this case: Benny Fulks; Jeremy G. Balmonte; or the owners, officers, or employees of Hirschbach Motor Lines, Inc.?

2. Is anyone related by blood or marriage to any of the attorneys in this case: Steven Fair, Matthew P. Stone, Shawn N. Kalfus, or Aleksandra Mitchell?

3. Is anyone related by blood or marriage to anyone who works for the attorneys' law firms: Morgan & Morgan PLLC or Stone Kalfus LLP?

4. Have you, a family member, or a close friend been represented by any of the attorneys or their law firms?

**ATTACHMENT B-1**

**GENERAL QUESTIONS WHICH PLAINTIFF WISHES TO BE PROPOUNDED TO THE JURORS ON VOIR DIRE EXAMINATION**

Plaintiff submits the following proposed voir dire questions to be submitted to the jury panel in this case.

1. Have you, or any close family member or friend ever worked for an insurance business, agency, or company, or been in the business of handling or adjusting claims?

2. Has anyone ever served on a jury before, and if so, were you picked as the foreperson?

3. Do you, or any close family member or friend work and or have training in the legal field?

4. Do you, or any close family member or friend work and or have training in the medical field?

5. Do you, or any close family member or friend work and or have training in law enforcement?

6. How many of you have ever been a supervisor, manager, director of any organization?

7.     Does anyone have strong feelings one way or the other about lawsuits or lawyers? Maybe you hate them, or maybe you had to sue someone and had a really good experience with one?

8.     How many of you feel like our present system of resolving personal injury claims does not work, or is broken?

9.     Does anyone believe that too many personal injury cases are filed?

10.    Is there anyone on this panel who cannot disregard public opinion and return a fair and impartial verdict based solely on the evidence and instructions presented in this Court?

11.    Does anyone here feel like juries award too much money in lawsuits?

12.    Please raise your hand if you, or a close family member or friend has been involved in a lawsuit on either side… besides divorce?

13.    If you have ever been to a chiropractor, please raise your hand.

14.    If you have ever been to an orthopedist, please raise your hand.

15.    If you have ever treated for a lower back injury, please raise your hand.

16.    If you have ever treated for a neck injury, please raise your hand.

17.    Please raise your hand if you have never been in a car crash.

18. Under our system of justice, the only way to compensate someone who has been wrongly injured is through money damages. How many of you have a problem with this concept of justice (religious/moral/other?)

19. If you find for the Plaintiff in this case, then you will be asked to place a very reasonable and modest dollar amount on his general damages, beyond his medical expenses. Would any of you be either unwilling or unable to assign a dollar amount to this category of damages, which the law calls pain and suffering?

20. Does anyone here have a religious or moral issue or objection to sitting in judgment as a juror in a civil case?

21. Is there anyone here who thinks that the Plaintiff's burden should be higher than a preponderance of evidence? That we should have to prove our case beyond a reasonable doubt like in a criminal case?

22. Is there anyone here who thinks they may have trouble following the law as the judge instructs? In other words, is there anyone here who thinks if they disagree with what the law is, they'll just decide the case how they want to, rather than following the law?

23. Is there anybody who feels that police officers cannot be trusted?

24. Is there anybody here who has ever worked for a trucking company?

25. Is there anybody here who has ever had a bad experience with a trucking company?

26. Is there anybody here who knows somebody who has had a bad experience with a trucking company?

27. Is there anybody here who has ever sustained a permanent injury?

28. Is there anybody here who has a close family member or friend who has sustained a back injury?

29. Is there anybody here who has a close family member or friend who has sustained a neck injury?

30. Is there anybody here who has a close family member or friend who has sustained a permanent injury?

**ATTACHMENT B-2**

**GENERAL QUESTIONS WHICH DEFENDANTS WISH TO BE PROPOUNDED TO THE JURORS ON VOIR DIRE EXAMINATION**

Defendants submit the following proposed voir dire questions to be submitted to the jury. If a question is answered in the affirmative by a proposed juror, defendants respectfully requests leave to ask follow-up questions.

**<u>Defendants' Proposed General Questions for Voir Dire</u>**

1. This case arises from a July 26, 2022 motor vehicle accident on I-75 North in Bartow County, Georgia; does anyone know anything about the accident or this case other than what you have heard in the courtroom today?

2. Is anyone familiar with the area where the accident occurred?

3. Is there anyone who believes telling the truth is *not* important or does *not* matter?

4. Is there anyone who believes it is ok to be untruthful?

5. Is anyone familiar with Hirschbach Motor Lines or its employees?

6. Does anyone have negative feelings about companies or corporations in general?

7.    Does anyone have strong feelings – good or bad – about truck drivers or the trucking industry?

8.    Have you, a family member, or a close friend ever worked as a truck driver or worked in the trucking industry?

9.    Has anyone had a bad experience with a tractor-trailer / 18-wheeler?

10.    Does anyone believe a trucking company should never hire a truck driver who received a traffic citation in the past? * NOTE: defendants will withdraw this question if the Court grants their motion *in limine* on this issue.

11.    Does anyone believe a trucking company should never hire a truck driver who had any criminal history in the past? * NOTE: defendants will withdraw this question if the Court grants their motion *in limine* on this issue.

12.    Does anyone believe a plaintiff is entitled to an award of money just because he filed a lawsuit?

13.    Does anyone believe a plaintiff is entitled to a larger award of money just because the defendant is a company or corporation, as opposed to a person?

14. Does anyone believe a plaintiff is entitled to a larger award of money just because his claim involves an accident with a tractor-trailer as opposed to a passenger vehicle?

15. Is there anyone who already has in mind a minimum amount of money you would award no matter how little or much a plaintiff was injured; in other words, no matter how much a plaintiff was injured, I would always award more than $5,000, $10,000, $50,000, etc.?

16. Have you, a family member, or a close friend ever been involved in a motor vehicle accident?

17. Have you, a family member, or a close friend ever worked in the healthcare field, such as at a hospital, a doctor's office, or EMS?

18. Have you, a family member, or a close friend ever worked in law enforcement?

19. Have you, a family member, or a close friend ever been a plaintiff or defendant in a lawsuit?

20. Has anyone served on a jury before?

21. Has anyone been a witness in a civil case, regardless of whether the case went to trial?

22. Does anyone know or recognize any of the Court personnel?

- 4 -

23. Does anyone know or recognize any of the other jurors on the panel?

24. Has anyone suffered a significant loss in the last few years, including a serious injury, death, or divorce?

25. Is there any reason it would be difficult or cause a hardship for you to serve on this jury – for example, you have a childcare issue or a personal or work commitment?

26. Is there any reason it would be physically uncomfortable for you to serve on this jury?

**ATTACHMENT C**

**<u>Plaintiff's Outline of the Case</u>**

On July 26, 2022, Plaintiff was operating his vehicle, a 2011 Dodge Charger, traveling northbound on Interstate 75 near mile marker 305 in Bartow County, State of Georgia. At this time, Defendant Jeremy Balmonte was operating a 2022 International tractor-trailer, within the course and scope of his employment with co-Defendant Hirschbach Motor Lines, Inc., also traveling northbound on Interstate 75 near mile marker 305 in Bartow County, State of Georgia. Suddenly and without warning, Defendant Balmonte failed to maintain his lane of travel and crashed into the vehicle being operated by Plaintiff. As a result of this crash, Plaintiff sustained serious, permanent injuries, including a lumbar spine injury, which has required a series of injections, a left shoulder injury, which has required a series of injections, as well as a cervical spine injury. Plaintiff still deals with pain and discomfort from these injuries, which have affected his life in a number of ways, including, but not limited to the enjoyment of life. Plaintiff is actively getting medical treatment and Plaintiff may also require medical treatment in the future.

Defendant Hirschbach Motor Lines, Inc. is vicariously liable to Plaintiff for the actions and omissions of its employee Jeremy Balmonte pursuant to the doctrine of respondeat superior.

Plaintiff reserves the right to seek attorney's fees and costs, if appropriate, pursuant to O.C.G.A. § 9-11-68.

### **Rules, Regulations, Statutes, Ordinances, and Illustrative Case Law**

In simple negligence cases, "the general rule ... [is] that plaintiffs need not produce expert evidence on causation." Cowart v. Widener, 287 Ga. 622, 626 (2010)

A jury may, without expert testimony, "infer a causal connection between an accident and a plaintiff's injuries based on the sequence of events." Jones v. Wal-Mart Assocs., Inc., No. 1:19-CV-03705-SDG, 2021 WL 243285, at *3 (N.D. Ga. Jan. 25, 2021) (citing Cooper v. Marten Transp., Ltd., 539 F. App'x 963, 968 (11th Cir. 2013)). For example, where a plaintiff's symptoms "emerge immediately or soon after the event alleged to have caused them, and it is common knowledge that such an event is one that could cause that kind of injury, a reasonable jury could draw conclusions about proximate cause." Bruce v. Classic Carrier, Inc., No. 1:11-CV-01472-JEC, 2014 WL 1230231, at *7 (N.D. Ga. Mar. 24, 2014).

O.C.G.A. §40-6-48. Failure to Maintain Lane

O.C.G.A. §9-11-68. Offers of Settlement

**Damages Claimed and Citations of Authority for Items of Damages**

Plaintiff is entitled to general damages for his past and continuing pain and suffering, the applicable measure of which is the enlightened conscience of fair and impartial jurors. Additionally, Plaintiff incurred the following special damages:

| | |
|---|---|
| Grady Hospital | $43,612.91 |
| Emory Medical Care Foundation | $715.00 |
| Peachtree Center Rehab | $6,465.00 |
| Atlanta Spine and Orthopedics/Medici Medical Arts (Inclusive of Surgical and Anesthesia Costs) | $117,058.00 |
| American Health Imaging | $4,595.00 |
| Team Rehab Physical Therapy | $5,515.00 |
| TOTAL | $177,960.91 |

Plaintiff will be amending his Complaint to include these special damages with specificity as required by O.C.G.A. §9-11-9(j). However, to the extent this is required pursuant to the statute, this Pre-Trial Order satisfies that requirement. Furthermore, Plaintiff is still receiving medical treatment at Rehab Physicians of Georgia in Decatur, GA. As such, this amount is subject to increase. Plaintiff will

timely update this list of special damages and reserves the right to do so.

**Defendants object to plaintiff adding damages that were not disclosed in discovery.**

## ATTACHMENT D

## DEFENDANTS' OUTLINE OF THE CASE

**Defendants' Outline of the Case:**

The subject accident occurred on I-75 North in Bartow County Georgia on July 26, 2022. Jeremy Balmonte was driving a tractor-trailer, was in the lane next to plaintiff's vehicle, attempted to change lanes, and struck the side of plaintiff's vehicle. Mr. Balmonte was in the course and scope of his employment with Hirschbach Motor Lines at the time of the accident. Mr. Balmonte and Hirschbach admit Mr. Balmonte was negligent; that is, he breached a duty of care and caused the accident. However, they contend the subject accident did ***not*** cause all plaintiff's claimed injuries and damages.

**Rules, Regulations, Statutes, Ordinances, and Illustrative Case Law:**

- Common law negligence: O.C.G.A. § 51-1-2; O.C.G.A. § 51-1-8; *Bradley Ctr., Inc. v. Wessner*, 250 Ga. 199, 200 (1982); *Armor Elevator Co. v. Hinton*, 213 Ga. App. 27, 29 (1994).

  - *Beard v. K-Mart Corp.*, 12 P.3d 1015, 1019 (Utah Ct. App. 2000) (explaining there is a "need for positive expert testimony to establish a causal link between the defendants' negligent act and the plaintiff's injury[,] depend[ing] upon the nature of the injury," and when expert

testimony is required to establish a causal link, "there must be expert testimony that the negligent act probably caused the injury" (citation omitted)).

- *Cowart v. Widener*, 697 S.E.2d 779, 784 (Ga. 2010) (under Georgia law, "even in simple negligence cases, plaintiffs must come forward with expert evidence . . . when 'medical questions' relating to causation are involved").

- *Nixon v. Pierce Cnty. Sch. Dist.*, 746 S.E.2d 225, 228 (Ga. Ct. App. 2013) (when medical questions relating to causation are involved, the testimony "must show as an evidentiary threshold that the expert's opinion regarding causation is based … on the determination that there was a reasonable probability that the negligence caused the injury" (citation omitted)).

**ATTACHMENT E**

The following facts are stipulated by the parties:

1.     As to plaintiff's negligence claim, the defendants stipulate that Mr. Balmonte had a duty to exercise ordinary care in operating his vehicle and breached that duty when he struck plaintiff's vehicle while changing lanes.

2.     Mr. Balmonte was in the course and scope of his employment with Hirschbach Motor Lines at the time of the subject accident.

**ATTACHMENT F-1**

**PLAINTIFF'S WITNESS LIST**

(a)     Plaintiff will have present at trial:

(1)     Plaintiff

(b)     Plaintiff may have present at trial:

(1)     Georgia State Patrol Officer A Haney

(2)     Georgia State Patrol Officer F Zepeda

(4)     Roosevelt Fulks, Before and after witness (DDN 678 789 1660)

(5)     Tracy Williams, Before and after witness (DDN 770 899 7136)

(7)     Angela Fulks, Before and after witness (DDN 478 973 5014)

(8)     Sybil Williams, Before and after witness (DDN 404 454 5751)

(9)     Jesse Jenkins, Before and after witness (DDN 404 787 8082)

(10)    Paul Minfre, Before and after witness (DDN 678 750 8544)

(11)    Charlie Carson, Before and after witness (DDN 404 974 5953)

(11)    Any of Plaintiff's treating providers at Grady Hospital

(12)    Any of Plaintiff's treating providers at Emory Medical Care Foundation

(13)    Any of Plaintiff's treating providers at Atlanta Spine and

Orthopedics/Medici Medical Arts

(14)    Any of Plaintiff's treating providers at American Health Imaging

(15)    Any of Plaintiff's treating providers at Team Rehab Physical Therapy

(16)    Caitlin Civiello, MD, LCP-C. Life Care Planning Expert

(17)    Any witnesses properly listed by Defendant, without waiving objection thereto

(18)    Any witnesses needed for impeachment or rebuttal; and

(19)    Medical records custodians for the following facilities:

a.      Grady Hospital

b.      Emory Medical Care Foundation

c.      Atlanta Spine and Orthopedics/Medici Medical Arts

d.      American Health Imaging

e.      Team Rehab Physical Therapy

(20)    Defendant Jeremy Balmonte

(21)    Any representative of Defendant Hirschbach Motor Lines, Inc.

Plaintiff reserves the right to supplement this list up through five (5) days prior to trial, with proper notice to opposing parties.

- 13 -

**Defendants' Objections to Plaintiff's Witness List**

Defendants object to the introduction of testimony from the following witnesses because they were not disclosed in discovery, as required by Fed. R. Civ. P. 26 and 37:

    a. Roosevelt Fulks, Before and after witness (DDN 678 789 1660)

    b. Tracy Williams, Before and after witness (DDN 770 899 7136)

    c. Angela Fulks, Before and after witness (DDN 478 973 5014)

    d. Sybil Williams, Before and after witness (DDN 404 454 5751)

    e. Jesse Jenkins, Before and after witness (DDN 404 787 8082)

    f. Paul Minfre, Before and after witness (DDN 678 750 8544)

    g. Charlie Carson, Before and after witness (DDN 404 974 5953)

Defendants object to the introduction of testimony from the following witnesses because they are not sufficiently identified, as required by Fed. R. Civ. P. 26 and 37:

    a. Any of Plaintiff's treating providers at Grady Hospital

    b. Any of Plaintiff's treating providers at Emory Medical Care Foundation

    c. Any of Plaintiff's treating providers at Atlanta Spine and Orthopedics/Medici Medical Arts

    d. Any of Plaintiff's treating providers at American Health Imaging

- 15 -

e.  Any of Plaintiff's treating providers at Team Rehab Physical Therapy

f.  Any representative of Defendant Hirschbach Motor Lines, Inc.

## ATTACHMENT F-2

## DEFENDANTS' WITNESS LIST

Defendants <u>will</u> have the following witnesses present at trial:  None.

Defendants <u>may</u> have the following witnesses present at trial:

1.   Jeremy G. Balmonte, who may be contacted through defense counsel.

2.   Brian Kohlwes, who may be contacted through defense counsel.

3.   Douglas W. Pahl, M.D.; The Hughston Clinic, P.C., 6262 Veterans Parkway, Columbus, GA 31908-9517.  Dr. Pahl is expected to testify regarding plaintiff's claimed orthopedic injuries, including but not limited to whether those claimed injuries were caused by the subject accident and the reasonableness and necessity of plaintiff's past and planned future medical treatment.

4.   Anthony William Ulbrandt, MAcc, CFE; Health Law Network, Inc., P.O. Box 2166, Roswell, GA 30077.  Mr. Ulbrandt is a medical billing expert and is expected to testify that plaintiff's medical expenses exceed the usual, customary, and reasonable charges for the same or similar services.

5.   Trooper Albert Lester Paul Haney Jr. of the Georgia State Patrol.

6.   Records custodians from the plaintiff's medical providers.

- 2 -

7.    Any witness listed by plaintiff.

## ATTACHMENT G-1

## PLAINTIFF'S EXHIBIT LIST

Plaintiff may tender the following documentary and physical evidence at trial:

**(a)    By Plaintiff:**

(1)    Georgia Mortality Table 1949, Ultimate;

(2)    Annuity Mortality Table 1949, Ultimate;

(3)    Plaintiff's medical expenses chart and summary

(4)    United States Life Tables, 2018. NVSR Volume 69, Number 12. 45pp. (PHS) 2020-1120.

(5)    Any pleadings, including the Complaint;

(6)    Any documents exchanged during discovery, without waiving objection thereto;

(7)    Any documents or items properly listed by Defendant, without waiving objection thereto;

(8)    Any documents obtained in response to an authorization, non-party request, or subpoena, made by any of the parties to this case, including but not limited to records from:

a.  Grady Hospital

  b. Emory Medical Care Foundation

  c. Atlanta Spine and Orthopedics/Medici Medical Arts

  d. American Health Imaging

  e. Team Rehab Physical Therapy

  and all other persons or entities listed on any certificates of serving discovery, said certificates being incorporated by reference herein, and notice is hereby given pursuant to O.C.G.A. §§ 24-8-803(6) and 24-9-902(11) of the intent to utilize such certified records at trial;

(9) Medical bills from the providers delineated in Plaintiff's portion of Paragraph 11 hereinabove;

(10) Photographs of the vehicles and scene of the subject collision;

(11) Documents needed for impeachment, cross-examination, or rebuttal.

(12) Police Report.

(13) Any traffic citation issued in reference to the subject crash.

(14) Investigating officer's dash cam video

(15) Colorized Illustration of any radiologic examination

(16) Colorized Illustration of any medical procedure performed upon

- 4 -

Plaintiff

(17) Any medical device used in Plaintiff's medical procedures.

(18) Plaintiff's medical expense chart and summary and

(19) Plaintiff's x-rays, MRIs, CT Scans and other diagnostic and/or test results in the form of testing and/or visual aids and

(20) Life Care Plan of Dr. Caitlin Civiello, MD, LCP-C

Plaintiff reserves the right to supplement this list up through five (5) days prior to trial, with proper notice to opposing parties.

## ATTACHMENT G-2

## DEFENDANTS' EXHIBIT LIST

Defendants may introduce the following documentary and physical evidence:

1.  The Georgia Motor Vehicle Crash Report for the subject accident.

2.  Photos of the involved vehicles.

3.  Dashcam video from Mr. Balmonte's tractor.

4.  Plaintiff's medical records and bills from Grady Memorial Hospital.

5.  Plaintiff's medical records and bills from Peachtree Center Rehab.

6.  Plaintiff's medical records and bills from American Health Imaging.

7.  Plaintiff's medical records and bills from Team Rehabilitation Physical Therapy.

8.  Plaintiff's medical records and bills from Paradigm Labs, LLC.

9.  Plaintiff's medical records and bills from Medici Atlanta Spine and Pain.

10. Plaintiff's medical records and bills from Emory University Hospital Midtown.

11. Plaintiff's records and bills from CVS Pharmacy.

12. Plaintiff's records and bills from Kroger Pharmacy.

13. Documents received from non-party Allstate Insurance Company.

14.   Documents received from non-party Wellcare of Georgia, Inc.

15.   Documents received from non-party Blue Cross Blue Shield Healthcare Plan of Georgia, Inc.

16.   Documents received from non-party T-Mobile USA, Inc.

17.   Police dashcam video from the subject accident.

18.   911 call records from the subject accident

19.   Rule 26 Report of Douglas W. Pahl, M.D.

20.   Rule 26 Report of Anthony William Ulbrandt, MAcc, CFE.

21.   Material relied upon by Douglas W. Pahl, M.D.

22.   Material relied upon by Anthony William Ulbrandt, MAcc, CFE.

23.   Materials relied upon or produced by plaintiff's testifying experts.

24.   All documents produced by any party in discovery.

25.   All documents used at depositions taken in this action.

26.   All documents produced in response to non-party subpoenas.

27.   All documents plaintiff's lists in his portion of the pretrial order or which are otherwise permitted to be introduced at trial.

# ATTACHMENT G-4

# PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBIT LIST

**ATTACHMENT G-5**

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST:**

Defendants object to any records or evidence that was not disclosed in discovery.

# ATTACHMENT I-1

## PLAINTIFF'S PROPOSED VERDICT FORM

[check one]

_____ We, the jury, find in favor of plaintiff and award  $_____.

   OR

_____ We, the jury, find in favor of defendants.

   This _____ day of _____, 202__.


                                      _____
                                      Foreperson

**ATTACHMENT I-2**

**DEFENDANTS' PROPOSED VERDICT FORM**

[check one]

_____ We, the jury, find in favor of plaintiff and award  $_____.

OR

_____ We, the jury, find in favor of defendants.

This _____ day of _____, 202__.


_____

Foreperson